# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRYSON WILLIAMS,

        Petitioner,     :     Case No. 3:19-cv-113

- vs -     District Judge Thomas M. Rose
     Magistrate Judge Michael R. Merz

WARDEN,
  Ross Correctional Institution

                         :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by petitioner Bryson Williams to obtain relief from his conviction in the Common Pleas Court of Montgomery County, Ohio, on charges of murder, felonious assault, and discharge of a firearm on or near prohibited premises (Petition, ECF No. 1, PageID 2, ¶¶ 1, 5).

Williams was convicted by a jury at trial and appealed to the Second District Court of Appeals which described the facts of the crime as follows:

> **[\*P3]** The charges against Williams stemmed from the shooting death Terion Dixon on the afternoon of November 11, 2016. At trial, the State presented evidence that Williams had fired shots across a road toward a store where numerous people were standing outside. One of the shots struck and killed Dixon. The State's evidence included eyewitness testimony, statements Williams made in telephone calls after the shooting, and other corroborating information obtained during a police investigation. In his defense, Williams called a witness who had been outside the store during the shooting and who had identified someone else as the shooter when reviewing a photospread. Williams also called a witness who had been in the vicinity of the shooting but had not seen who fired the shots. Based on the evidence presented, a jury found Williams guilty

of the charges against him. After merging several counts as allied offenses, the trial court imposed prison terms of fifteen years to life for murder, three years for the firearm specification, and eight years for discharging a firearm on or near prohibited premises. The trial court ordered these sentences to be served consecutively, resulting in an aggregate prison sentence of twenty-six years to life.

*State v. Williams*, 2018-Ohio-1647 (2nd Dist. Apr. 27, 2018). According to the Petition, confirmed by the LEXIS report of the case, Williams did not appeal further to the Ohio Supreme Court. Instead he timely filed his habeas Petition in this Court by depositing it in the prison mail system on April 1, 2019 (Petition, ECF No. 1, PageID 11).[1]

Williams pleads one ground for relief:

> **Ground One [Ineffective Assistance of Appellate Counsel]**
>
> **Supporting Facts:** I was not provided with my trial transcripts because [of] my ineffective counsel. I've wrote [sic] and asked my appellate counsel for my transcripts on multiple occasions and still have not receive[d] them. So I was not able to file anything to the higher courts because the law requires me to send copies of the transcripts to support my assignments of error.

(Petition, ECF No. 1, PageID 5, ¶ 12.)

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction

---

[1] Although the Petition was not received and docketed by the Clerk until April 17, 2019, Williams is entitled to the date of deposit as the filing date. *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

> or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz,* 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise.

3

*Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008).

On its face the Petition sets forth an appropriate claim that Williams' appellate counsel performed deficiently, not by failing to raise a good claim on appeal, but by not surrendering the transcript on appeal to Williams now that the appeal is over. As an indigent appellant Williams was entitled to have the transcript for appeal prepared at public expense. *Griffin v. Illinois*, 351 U.S. 12 (1956). Obviously the Second District had a transcript from which to decide the appeal. If in addition appellate counsel had a copy from which to work in preparing the appeal, he or she[2] would have had no use for it after the Second District's decision and should have surrendered it to Williams on his request.

However, Williams suffered no prejudice as a result of this failure of his appellate attorney. Contrary to his suggestion, there was no legal obligation for him to file a copy of the transcript with any appeal to the Supreme Court of Ohio. The transcript already filed with the Clerk of Courts for the Second District would have been completely available to the Supreme Court. Williams was required to file a notice of appeal and a memorandum in support of jurisdiction, but not a new copy of the transcript.

**Conclusion**

Because Williams suffered no prejudice from his attorney's failure to give him the transcript, his Petition is without merit and should be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the

---

[2] Although the standard form for § 2254 petitions calls for identification of the attorneys who participated at each stage, Williams has left that portion blank. PageID 10.

Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 18, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).